CHONG, NISHIMOTO, SIA, NAKAMURA & GOYA
A Limited Liability Law Limited Partnership

JEFFREY H. K. SIA    3029-0
RYAN I. INOUYE    8570-0
1003 Bishop Street, Suite 2500
Honolulu, Hawaii 96813
Telephone No.: (808) 537-6119
Facsimile No. (808) 526-3491
Jeffrey.Sia@hawadvocate.com
Ryan.Inouye@hawadvocate.com

Attorneys for Defendants
MARRIOTT RESORTS HOSPITALITY
CORPORATION and MARRIOTT
INTERNATIONAL, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAY SCOTT COHEN, an individual, | CIVIL NO. CV 15-00171 LEK/KJM |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS MARRIOTT RESORTS HOSPITALITY CORPORATION AND MARRIOTT INTERNATIONAL, INC.'S PETITION FOR GOOD FAITH SETTLEMENT, FILED ON 5/2/17 |
| vs. | |
| HYATT CORPORATION, a Delaware corporation; MARRIOTT RESORTS HOSPITALITY CORPORATION, a South Carolina corporation; MARRIOTT INTERNATIONAL, INC., a Delaware corporation; NORDIC PCL CONSTRUCTION, INC., a Hawaii Corporation; and DOES 1 - 50, | |
| Defendants. | Hearing:<br>Date: June 7, 2017<br>Time: 9:30a.m.<br>Judge: Hon. Kenneth J. Mansfield |

[(350) 2015194/859304]

# FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS MARRIOTT RESORTS HOSPITALITY CORPORATION AND MARRIOTT INTERNATIONAL, INC.'S PETITION FOR GOOD FAITH SETTLEMENT, FILED ON 5/2/17

Defendants Marriott Resorts Hospitality Corporation and Marriott International, Inc.'s Petition For Good Faith Settlement, filed on 5/2/17 ("Petition") [Doc. 122] came before the Honorable Kenneth J. Mansfield on 6/7/17 at 9:30 a.m. Appearing at the hearing were Joseph T. Rosenbaum, Esq. on behalf of Jay Scott Cohen ("Plaintiff"); Ryan I. Inouye, Esq. on behalf of Defendants Marriott Resorts Hospitality Corporation and Marriott International, Inc. (collectively, "Marriott"); and Shannon L. Wack, Esq. on behalf of Defendant Hyatt Corporation ("Hyatt").

The Court having considered the Petition, Plaintiff's Statement of No Opposition, filed 5/17/17 [Doc. 128], and Hyatt's Position Statement, filed 5/17/17 [Doc. 129], and the representation at the hearing that there is no opposition to the Petition, the Court FINDS and RECOMMENDS that the Petition be GRANTED for the reasons set forth below.

## BACKGROUND

This lawsuit arises from an alleged assault of Plaintiff on or about 7/24/14 by a construction worker employed by Defendant Nordic PCL Construction, Inc. *See* Complaint, at ¶¶ 12-13, filed 3/9/15 [Doc. 1-Attachment 1].

The assault allegedly occurred "on the grass area between Hyatt Regency Maui Resort and Spa, Marriott's Maui Ocean Club, and the beach…." *See id*. at ¶13. At the time of the alleged assault, Plaintiff was not a guest of Marriott's Maui Ocean Club. Instead, it is understood that Plaintiff was staying at the Hyatt Regency Maui Resort and Spa and was on his way to the Whaler's Village Shopping Center for dinner when the alleged assault occurred. As a result of this assault, Plaintiff alleges injuries to his face, including nerve damage, a broken nose included dysplasia, a fractured cheekbone, and scarring to his cheek and eye socket area. *See id*. at ¶20.

On 3/9/15, Plaintiff filed his Complaint in the Superior Court of the State of California, County of Los Angeles – Central Division, which was removed to this Court on 4/7/15. Plaintiff alleges a list of causes of action, including negligence, premises liability, and negligent hiring, retention and supervision of employee/agent, which has been alleged against all Defendants herein.

Although Marriott denied liability in this matter, to compromise disputed claims and to avoid further attorneys' fees and costs associated with the defense of those claims and the uncertainty that is inherent in any case, Plaintiff and Marriott reached a settlement on 4/7/17, which was reduced to writing as reflected by the Confidential Joint Tortfeasor Release and Indemnity Agreement, which was submitted under seal.

## DISCUSSION

A finding of good faith settlement (1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written indemnity agreement. Haw. Rev. Stat. § 663–15.5(a) and (d).

In determining whether parties have entered into a good faith settlement, the court must consider the "totality of the circumstances" including:

(1) the type of case and difficulty of proof at trial . . .;

(2) the realistic approximation of total damages that the plaintiff seeks;

(3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;

(4) the predicted expense of litigation;

(5) the relative degree of fault of the settling tortfeasors;

(6) the amount of consideration paid to settle the claims;

(7) the insurance policy limits and solvency of the joint tortfeasors;

(8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and

(9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Troyer v. Adams, 77 P.3d 83, 111 (Haw. 2003).

An agreement to settle a claim is made in good faith when the totality of circumstances reflects that the settlement was not collusive or aimed at injuring the interests of the non-settling parties. *Id*. Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment. Whirlpool Corp. v. CIT Grp./Bus. Credit, Inc., 293 F. Supp. 2d 1144, 1154 (D. Haw. 2003). The non-settling defendant has the burden of proof that the settlement agreement was not reached in good faith. Haw. Rev. Stat. § 663-15.5(b).

Given the totality of the circumstances and the absence of opposition, the Court finds that Plaintiff and Marriott entered into settlement in good faith. The Court has reviewed the factors set forth in Troyer v. Adams and the material terms of the settlement and finds that the essential terms of the settlement meet the purpose of Section 663-15.5 and are reasonable and in good faith.

## CONCLUSION

After careful consideration of the Petition, the lack of opposition thereto, and the totality of the circumstances, the Court FINDS that the settlement between

Plaintiff and Marriott is in good faith under Hawaii Revised Statutes Section 663–15.5 and RECOMMENDS that the Petition be GRANTED and that any and all claims that have been asserted against Marriott be dismissed with prejudice and that all joint tortfeasors and co-obligors be barred from asserting any future claims against Marriott.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaiʻi, June 20, 2017.



/S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

---

*Jay Scott Cohen v. Hyatt Corporation, et al*.; Civil No. CV 15-00171 LEK/KJM; United States District Court, District of Hawaii; Findings and Recommendation to Grant Defendants Marriott Resorts Hospitality Corporation and Marriott International, Inc.'s Petition For Good Faith Settlement, Filed on 5/2/17